## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### (Orlando Division)

**Case No.:**

RANDALL WARREN
& MINDY WARREN,

    Plaintiffs,

v.

ACE INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.

Removed from Circuit Court
of Orange County, Florida
Case No: 2021-CA-10341

_____ /

## NOTICE OF REMOVAL

Defendant Ace Insurance Company of the Midwest, by and through the undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. 1441 *et seq.*, of the removal of this action from the Circuit Court of Orange County, Florida, Case No.: 2021-CA-10341, to the United States District Court for the Middle District of Florida (Orlando Division) based on the following:

    1.    On October 27, 2021, Randall Warren and Mindy Warren (hereinafter "Plaintiffs"), filed Plaintiffs' Complaint & Demand for Jury Trial (hereinafter "Plaintiff's Complaint" or "Exhibit A.") against Defendant in the Circuit Court of Orange County, Florida. *See Plaintiffs' Complaint & Demand for Jury Trial, attached hereto as "Exhibit A."*

1

2. Plaintiffs allege Defendant issued an insurance policy in favor of its insureds, Plaintiffs, for an insured property located at 1640 Woodland Avenue, Winter Park ("Plaintiff's Property"), which is within Orange County. *Id*. at ¶2.

3. Plaintiffs allege they suffered a loss on April 11, 2021, and that Defendant denied their claim and thereby breached the insurance contract when it failed to pay the claim. *Id*. at ¶¶ 6, 9-10.

4. Plaintiffs' Complaint only alleges damages that exceed $30,000, sufficient for the jurisdiction of Florida's circuit courts. *Id*. at ¶ 1.

5. Also, Plaintiffs' Complaint is silent as to the *citizenship* of the parties, although the Plaintiffs admit they were "homeowners" in the State of Florida *Id*. at ¶ 2.

6. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different States.

7. Therefore, as originally filed, this action was not removable to federal court.

8. 28 U.S.C § 1332(c)(1) provides that a corporation is a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

9. Defendant Ace Insurance Company of the Midwest is a foreign corporation with its place of incorporation in Indiana and principal place of business in the Pennsylvania. *See the Business Search Listing from the Indiana Secretary of State, attached hereto as "Exhibit B."*

10. On February 9, 2022, in response to a discovery request, Plaintiffs responded to Defendant's Requests for Admission. *See the Defendant's Request for Admission, attached hereto as "Exhibit C," as well as the Plaintiff's Response to Defendant's Request for Admission, attached hereto as "Exhibit D."*

11. In particular, Plaintiffs admitted that were citizens of the State of Florida, and that the amount of damages Plaintiffs were seeking was greater than $75,000.

12. The undersigned counsel previously knew the citizenship of Defendant and now knew the amount in controversy and Plaintiffs' citizenship.

13. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

of the United States for the district and division embracing the place where such action is pending."

14. Since there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, this case subject to the original jurisdiction of the Court under 28 U.S.C § 1332 and removal is proper under 28 U.S.C § 1441(a).

15. 28 U.S.C § 1446(b)(3) provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added)

16. 28 U.S.C. § 1446(c)(3) provides "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

17. Defendant was served with Plaintiff's responses to Defendant's Requests for Admission on February 9, 2022. This removal is within 30 days of the earliest notice of potential diversity jurisdiction given by an "other paper" after service of the complaint on Defendant.

18. Venue is proper in the United States District Court for the Middle District of Florida (Orlando Division) because the underlying state court case filed in the Nineteenth Judicial Circuit in and for Orange County, Florida.

19. A complete copy of all process, pleadings, and orders filed in the Circuit Court of Orange County, Florida in Case No. 2021-CA-10341is being filed contemporaneously with this Notice of Removal as required by 28 U.S.C. § 1446(a). Copies of the docket sheets from the Circuit Court of Orange County, Florida, Case No. 2021-CA-10341, are attached hereto.

20. In compliance with 28, U.S.C. § 1446(d), Defendant has provided written Notice of Removal to the Circuit Court of Orange County, Florida, a copy of which is included within other state court documents attached hereto.

**WHEREFORE** Defendant Ace Insurance Company of the Midwest respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida (Orlando Division).

Date: March 10, 2022                     Respectfully submitted,

By:   */s/ Wesley C. Page*
      Wesley C. Page, Esq. (Fla. Bar No. 085183)
      ROLFES HENRY CO., LPA
      3191 Maguire Boulevard, Suite 160
      Orlando, Florida  32803
      Telephone:  (407) 284-4990
      Email:      wpage@rolfeshenry.com
                  wgonzalez@rolfeshenry.com

        Brian P. Henry, Esq. (Fla. Bar No. 089069)
        ROLFES HENRY CO., LPA
        5577 Broadcast Court
        Sarasota, Florida 34240
        Telephone: (941) 684-0100
        Email: bhenry@rolfeshenry.com
                srainwater@rolfeshenry.com

*Attorneys for Defendant*
*Ace Insurance Company of the Midwest*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 10th day of March 2022:

Steven M. Johnson, Esq.
Johnson & Williams, P.A.
111 N. Orange Ave., Suite 1445
Orlando, FL 32801
Emails: steve@johnsonandwilliams.com
         litigation@johnsonandwilliams.com

*Attorney for Plaintiff*

        */s/ Wesley C. Page*
        Wesley C. Page, Esq. (Fla. Bar No. 085183)